IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

---

PAMELA MCCAREY                          :
Pittsburgh, PA 15205                    :      CIVIL ACTION NO.  2:20-cv-1744
                                        :
              Plaintiff,                :
                                        :
         v.                             :
                                        :
PWC ADVISORY SERVICES LLC               :
& PRICEWATERHOUSECOOPERS LLP            :
600 Grant Street, suite 5200,           :
Pittsburgh, PA 15219                    :      JURY TRIAL DEMANDED
                                        :
              Defendants.               :

---

## CIVIL ACTION COMPLAINT

## I.    INTRODUCTION

Plaintiff, Pamela McCarey, brings this action against her former employers, PwC

Advisory Services LLC and PricewaterhouseCoopers LLP, for unlawful discrimination, in

violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.*

("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.*

("PHRA"), and the City of Pittsburgh Fair Employment Ordinance ("PFEO"), Chapter 659.02.

Plaintiff seeks damages, including back-pay, front-pay, compensatory, punitive, liquidated,

declaratory relief, injunctive relief, costs and attorneys' fees, and all other relief that this Court

deems appropriate.

## II.   **PARTIES**

1.      Plaintiff, Pamela McCarey, is an individual and a citizen of the Commonwealth of Pennsylvania.  She resides in Pittsburgh, Pennsylvania.

2.      Plaintiff was a sixty-three (63) year old female at the time Defendants terminated her employment.

3.      Defendant, PwC Advisory Services LLC, is a limited liability company maintaining a place of business located at 600 Grant Street, Pittsburgh, PA 15219.

4.      Defendant, PricewaterhouseCoopers LLP is a limited liability partnership maintaining a place of business located at 600 Grant Street, Pittsburgh, PA 15219.

5.      At all times material hereto, Defendants collectively constituted Plaintiff's employers under the joint and/or single employer doctrine.  Upon information and belief, Defendants shared common management, had interrelated operations, and collectively controlled Plaintiff's job duties and responsibilities.

6.      At all times material hereto, Defendants acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

7.      At all times material hereto, Defendants were an employer within the meanings of the ADEA, Title VII, PHRA, PFEO.

8.      At all times material hereto, Plaintiff was an employee within the meanings of the ADEA, Title VII, PHRA, PFEO.

## III.   **JURISDICTION AND VENUE**

9.      The causes of action that form the basis of this matter arise under the ADEA, Title VII, PHRA, and PFEO.

10.     The District Court has jurisdiction over Count I (ADEA) and Count II (Title VII), pursuant to 28 U.S.C. §1331.

11.     The District Court has jurisdiction over Count III (PHRA) and Count VI (PFEO) pursuant to 28 U.S.C. §1367.

12.     Venue is proper in the District Court pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5.

13.     On or about November 8, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein ("Charge").  Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

14.     On August 15, 2020, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.  Attached hereto and marked as Exhibit "B" is a true and correct copy of this notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

15.     Plaintiff is filing this complaint within ninety (90) days from her receipt of this notice.

16.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    **FACTUAL ALLEGATIONS**

17.     Plaintiff was employed by Defendants from in or about 1997 until on or about June 28, 2019.

18.     In or about 2014, Plaintiff was promoted to Managing Director.  The promotion process required multiple levels of leadership approval and demonstration of capabilities as a leader in the organization.

19.     As Managing Director, Plaintiff consistently performed her job duties in a highly competent manner.

20.     In or about May 2018, Defendants informed Plaintiff that she would not receive a salary increase, effective July 1, 2018.

21.     Younger and/or male Managing Directors received a salary increase.

22.     On or about July 1, 2018, Plaintiff began reporting to Nikki Parham, Partner.

23.     Plaintiff was the oldest Managing Director reporting to Parham, the majority of whom were men.

24.     Parham excluded Plaintiff from tasks, projects, meetings, and communications relevant to Plaintiff's job duties and responsibilities.

25.     Parham assigned tasks and projects that should have been assigned to Plaintiff to less qualified and experienced male and younger employees.

26.     On or about January 23, 2019, Defendants notified Plaintiff that her employment would be terminated, effective April 15, 2019.

27.     The stated reason was position elimination.

28.     Defendants' articulated reason is a pretext

29.     Parham told Plaintiff that her termination had nothing to do with her performance, and that it was based on changes in Defendants' business.

30.     Plaintiff was not offered any opportunity to remain employed with Defendants and was told that she was not allowed to apply for any position in her business unit.

4

31.     No other Managing Director reporting to Parham was terminated at the time Defendants' terminated Plaintiff's employment.

32.     In or about March of 2019, Defendants extended Plaintiff's termination date to June 28, 2019.

33.     On June 28, 2019, Defendants terminated Plaintiff's employment.

34.     Following Plaintiff's termination, Defendants assigned Plaintiff's job duties to male and/or younger employees.

35.     In or about October 2019, Defendants hired a less qualified and substantially younger male, Alexander Marsden as Partner, to replace Plaintiff and/or take over a portion of her job duties and responsibilities.

36.     Within months of Plaintiff's termination, Defendants additionally terminated the employment of older and/or female employees.

37.     Defendants' utilize a partnership agreement that mandates retirement for all partners at age sixty (60) ("the Policy").

38.     The Policy evidences an age bias and impacts decisions regarding who will be made Partner.

39.     The Policy prohibits all employees over the age of sixty (60) from applying to and obtaining the position of Partner.

40.     The position of Partner would have constituted a promotion for Plaintiff.

41.     Once Plaintiff reached the age of sixty (60), the Policy prohibited Plaintiff from applying to and obtaining a promotion to the position of Partner.

42.     Younger employees were not similarly prohibited by the Policy from applying to and obtaining the position of Partner.

43.     Defendants have an underrepresentation of female employees, particularly in high-level positions.  Out of the twenty (20) employees on Defendants' Health Industry Advisory Group Leadership Team, only six (6) are female.

44.     Plaintiff's age (63) was a determinative and motivating factor in the decision to terminate her employment.

45.     Plaintiff's sex (female) was a determinative and/or motivating factor in the decision to terminate her employment.

46.     Plaintiff's combination of age and sex was a determinative and motivating factor in the decision to terminate her employment.

47.     Plaintiff's sex (female) was a determinative and/or motivating factor in the decision not to give her a salary increase.

48.     Plaintiff's age was a determinative and motivating factor in the decision not to promote Plaintiff to partner.

49.     As a direct and proximate result of Defendants' behavior, Plaintiff has sustained in the past and will sustain in the future a loss of earning, emotional upset, and pain and suffering.

50.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

## COUNT I - ADEA

51.     Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

52.     By committing the foregoing acts of discrimination against Plaintiff, Defendants violated the ADEA.

53.     Defendants' violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

54.     In addition to all other damages, Plaintiff is entitled to declaratory relief, declaring the Policy invalid and in violation of the ADEA.

55.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

56.     Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

57.     In addition to all other damages, Plaintiff is entitled to equitable relief, including an injunction against Defendants from further using the Policy.

58.     No previous application has been made for the relief requested herein.

## **COUNT II – Title VII**

59.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

60.     By committing the foregoing acts of discrimination against Plaintiff, Defendants violated Title VII.

61.     Defendants acted with malice or a reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

62.     As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered the injuries, damages, and losses set forth herein.

63.     Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a

result of the unlawful behavior complained of herein.

64.      No previous application has been made for the relief requested herein.

## COUNT III – PHRA

65.      Plaintiff incorporates herein by reference the paragraphs above, as if set forth at length herein.

66.      By committing the foregoing acts of discrimination against Plaintiff, Defendants violated the PHRA.

67.      In addition to all other damages, Plaintiff is entitled to declaratory relief, declaring the Policy invalid and in violation of the PHRA.

68.      As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein.

69.      Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

70.      In addition to all other damages, Plaintiff is entitled to equitable relief, including an injunction against Defendants from further using the Policy.

71.      No previous application has been made for the relief requested herein.

## COUNT IV – PFEO

72.      Plaintiff incorporates herein by reference the paragraphs above, as if set forth at length herein.

73.      By committing the foregoing acts of discrimination against Plaintiff, Defendants violated the PFEO.

74.      In addition to all other damages, Plaintiff is entitled to declaratory relief, declaring the Policy invalid and in violation of the PFEO.

75.     As a direct and proximate result of Defendants' violation of the PFEO, Plaintiff has sustained the injuries, damages, and losses set forth herein.

76.     Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

77.     In addition to all other damages, Plaintiff is entitled to equitable relief, including an injunction against Defendants from further using the Policy.

78.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

a.     declaring the acts and practices complained of herein to be a violation of the ADEA;

b.     declaring the acts and practices complained of herein to be a violation of the Title VII;

c.     declaring the acts and practices complained of herein to be in violation of the PHRA;

d.     declaring the acts and practices complained of herein to be in violation of the PFEO;

e.     declaring the Policy invalid and to be in violation of the ADEA, PHRA, and/or PFEO;

f.     enjoining and restraining permanently the violations alleged herein;

g.     enjoining and restraining Defendants from using the Policy;

h.      awarding Plaintiff back-pay;

i.      awarding Plaintiff front-pay;

j.      awarding interest;

k.      awarding compensatory damages to Plaintiff for past and future emotional upset and pain and suffering;

l.      awarding liquidated damages;

m.      awarding punitive damages;

n.      awarding Plaintiff the costs of this action, together with reasonable attorneys' fees;

o.      awarding Plaintiff such other damages as are appropriate under the, ADEA, Title VII, PHRA, and PFEO; and

p.      granting such other and further relief as this Court deems appropriate.

**CONSOLE MATTIACCI LAW, LLC**

Date:   November 12, 2020          By:   _____
COLIN SALTRY
STEPHEN G. CONSOLE
LANE J. SCHIFF
1525 Locust Street
Philadelphia, PA 19102
(215) 545-7676
(856) 545-8211 (fax)

Attorneys for Plaintiff,
Pamela McCarey