**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSLYVANIA**

| | |
|---|---|
| PAMELA MCCAREY ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | Civil Action No. 20-cv-1744-DSC |
| v. ) | |
|  ) | |
| PWC ADVISORY SERVICES LLC & ) | |
| PRICEWATERHOUSECOOPERS LLP, ) | |
|  ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANTS' MOTION TO COMPEL ARBITRATION**


Respectfully submitted,


**CONSOLE MATTIACCI LAW, LLC**

Date: February 18, 2021         By:    */s/ Lane J. Schiff*_____
                                        Lane J. Schiff, Esquire
                                        1525 Locust Street
                                        Philadelphia, PA 19102
                                        (215) 545-7676
                                        (215) 689-4137 (fax)

                                        *Attorney for Plaintiff,*
                                        *Pamela McCarey*

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  FACTUAL BACKGROUND........................................................................................... 1

    A.   Facts Related to Plaintiff's Claims................................................................... 2

    B.   Facts Related to Arbitration Agreement .......................................................... 3

III. LEGAL STANDARD...................................................................................................... 4

IV.  LEGAL ARGUMENT…………………………..…………………………….………5

    A.   Plaintiff's Claims, Including Her Request For Declaratory And Injunctive Relief, Are Excluded from the Arbitration Agreement…….………...………..6

    B.   To The Extent That This Court Concludes That Plaintiff's Claims, Including Her Request for Declaratory And Injunctive Relief, Are Nevertheless Covered By The Arbitration Agreement, Then The Arbitration Agreement Is Unenforceable As a Substantive Waiver of Plaintiff's Rights…………………………………………………...……...7

    C.   Defendants Have Not Met Their Burden In Demonstrating that Plaintiff's Title VII Claims Should Be Arbitrated…………………………...………………8

    D.   Plaintiff Should Not Be Compelled to Arbitration As New York Law Expressly Prohibits The Arbitration Of Employment Related Claims……………9

    E.   In the Event This Court Compels Arbitration, Plaintiff's Claims Should be Stayed…………………………………………………………….………....11

V.   CONCLUSION…………………………………………………………….………..12

**Table of Authorities**

**Cases**                                                                 **Page(s)**

*14 Penn Plaza LLC v. Pyett*,
   556 U.S. 247 (2009) ................................................................................................. 6

*Aetna Ins. Co. v. Kennedy*,
   301 U.S. 389 (1937) ................................................................................................. 9

*Ashford v. Pricewaterhousecoopers LLP*,
   954 F.3d 678 (4th Cir. 2020) .................................................................................... 8

*Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*,
   181 F.3d 435 (3d Cir. 1999) ..................................................................................... 4

*C. USA Operating Co. v. Indian Harbor Ins. Co., No. 07-CV-0116*
   (CM), 2007 U.S. Dist. LEXIS 25133 (S.D.N.Y. Mar. 23, 2007) .............................. 8

*First Options of Chic., Inc. v. Kaplan*,
   514 U.S. 938 (1995) ................................................................................................. 5

*Gideon v. Wainright*,
   372 U.S. 335 (1963) ............................................................................................... 11

*Gilbert v. Indeed, Inc., No. 20-cv-3826*
   (LJL), 2021 U.S. Dist. LEXIS 9717 (S.D.N.Y. Jan. 19, 2021) ................................ 6

*Gilmer v. Interstate/Johnson Lane Corp.*,
   500 U.S. 20 (1991) ................................................................................................... 6

*Guidotti v. Legal Helpers Debt Resolution, LLC*,
   716 F.3d 764 (3d Cir. 2013) ..................................................................................... 4

*Hayes v. Delbert Servs. Corp.*,
   811 F.3d 666 (4th Cir. 2016) .................................................................................... 6

*Kaneff v. Del. Title Loans*
   587 F.3d 616 (3d Cir. 2009) ..................................................................................... 4

*Kirleis v. Dickie, McCamey & Chilcote, P.C.*,
   560 F.3d 156 (3d Cir. 2009) ................................................................................ 4, 5

*Lloyd v. HOVENSA, LLC*,
   369 F.3d 263 (3d Cir. 2004) ................................................................................... 12

*Lomax v. Vivint Solar Developer, LLC, No. 20-cv-1774-JMY*,
   2020 U.S. Dist. LEXIS 215545 (E.D. Pa. Nov. 18, 2020) ....................................... 4

*McDonald v. City of Chi.*,
   561 U.S. 742 (2010) ..................................................................................... 9, 10, 11

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*,
    473 U.S. 614 (1985) ........................................................................................................6

*Newton v. LVMH Moët Hennessy Louis Vuitton Inc.*,
    2020 N.Y. Misc. LEXIS 3288 .................................................................................... 8, 9

*Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*,
    636 F.2d 51 (3d Cir. 1980) ............................................................................................4

*Ragone v. Atl. Video*,
    595 F.3d 115 (2d Cir. 2010) ..........................................................................................4

*Russell v. Chesapeake Appalachia, L.L.C.*,
    2014 U.S. Dist. LEXIS 163401 (M.D. Pa. Nov. 21, 2014) ..........................................4

*Smith v. W. Sky Fin., LLC*,
    168 F. Supp. 3d 778, 785 (E.D. Pa. 2016) ....................................................................6

*Somerset Consulting, LLC, v. United Capital Lenders*,
    832 F. Supp. 2d 474 (E.D. Pa. 2011) ............................................................................4

**Statutes**

9 U.S.C. § 2 ..........................................................................................................................9

9 U.S.C. §3 ................................................................................................................... 11, 12

28 U.S.C. § 2201 ..................................................................................................................7

29 U.S.C. §621 .................................................................................................................... 1

29 U.S.C.S. § 626 ................................................................................................................ 7

42 U.S.C. §2000e ................................................................................................................ 1

43 P.S. § 951. ...................................................................................................................... 1

43 P.S. § 962 .......................................................................................................................7

Chapter 659.02 ....................................................................................................................1

CPLR § 7515 ............................................................................................................8, 9, 11

N.Y. Exec. Law § 290 *et seq*. ............................................................................................ 1

N.Y. Exec. Law  § 297 ....................................................................................................... 7

N.Y.C. Admin. Code § 8-107 ............................................................................................. 1

N.Y.C. Admin. Code § 8-502(a) .........................................................................................7


**Other**

48 C.F.R. §§ 222.7402 ........................................................................................................7

Fed. R. Civ. P. 12 ................................................................................................................... 4

Seventh Amendment to the United States Constitution ................................................................9

Calabresi & Agudo, *Individual Rights Under State Constitutions When the Fourteenth Amendment Was Ratified in 1868: What Rights Are Deeply Rooted in American History and Tradition?*, 87 Texas L. Rev. 7, 50 (2008) ............................................................................10,11

## I.     INTRODUCTION

Plaintiff, Pamela McCarey, has brought this action against her former employers, PwC Advisory Services LLC and PricewaterhouseCoopers LLP, for unlawful age and gender discrimination, in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the City of Pittsburgh Fair Employment Ordinance ("PFEO"), Chapter 659.02. (Pl.'s Compl, Dkt. 1).[1]

Plaintiff, through her undersigned counsel, submits this Memorandum in Opposition to Defendants' Motion to Compel Arbitration and Stay Proceedings. Defendants' Motion seeks to improperly deny Plaintiff her right to have her claims of age and sex discrimination decided by a jury. For the following reasons, which are explained in greater detail below, Defendants' Motion should be denied:

- Plaintiff's claims are not covered by the Arbitration Agreement;

- To the extent Plaintiff's claims are covered by the Arbitration Agreement, then the Arbitration Agreement is unenforceable as a substantive waiver of Plaintiff's rights;

- Defendants have not met their burden in demonstrating that Plaintiff's Title VII claims should be arbitrated; and

- New York law expressly prohibits the arbitration of Plaintiff's employment related claims.

---

[1] Plaintiff has additionally sought leave of this Court to amend her Complaint add claims pursuant to the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1)(a) *et seq.* ("NYCHRL").

Based on the above, and as set forth in detail below, Plaintiff respectfully requests that this Court deny Defendants' Motion and that Plaintiff be allowed to properly proceed with her claims in this Court.

## II.     FACTUAL BACKGROUND

### A.  Facts Related to Plaintiff's Claims

Plaintiff was employed by Defendants from 1997 until June 28, 2019.  (Compl., ¶ 17). In 2014, Plaintiff was promoted to Managing Director. (*Id.*, ¶ 18).   In that role, Plaintiff consistently performed her job duties in a highly competent manner. (*Id.* at ¶ 19).

In May 2018, Defendants informed Plaintiff that she would not receive a salary increase, effective July 1, 2018. (*Id.*, ¶ 20).  Younger and/or male Managing Directors received a salary increase. (*Id.*, ¶ 21).   On July 1, 2018, Plaintiff began reporting to Nikki Parham, Partner. (*Id.* at ¶ 22).  Plaintiff was the oldest Managing Director reporting to Parham, the majority of whom were men.  (*Id.*, ¶ 23). Parham thereafter excluded Plaintiff from tasks, projects, meetings, and communications relevant to Plaintiff's job duties and responsibilities. (*Id.*, ¶ 24).

Plaintiff's employment was terminated on June 28, 2019, when Plaintiff was sixty-three (63) years of age. (*Id.*, ¶¶ 2, 24). The stated reason, which was a pretext, was position elimination.  (*Id.*, ¶¶ 27-28).  Parham told Plaintiff that her termination had nothing to do with her performance, and that it was based on changes in Defendants' business. (*Id.*, ¶ 29).  No other Managing Director reporting to Parham was terminated at the time Defendants' terminated Plaintiff's employment. (*Id.*, ¶ 31). Following Plaintiff's termination, Defendants assigned Plaintiff's job duties to male and/or younger employees. (*Id.*, ¶ 34).

Defendants' utilize a partnership agreement that mandates retirement for all partners at age sixty (60) ("the Policy").  (*Id.*, ¶ 37).  The Policy evidences an age bias and impacts

decisions regarding who will be made Partner. (*Id.*, ¶ 38). The Policy prohibits all employees over the age of sixty (60), including Plaintiff, from applying to and obtaining the promotion of Partner. (*Id.*, ¶¶ 39-40). Younger employees were not similarly prohibited by the Policy from applying to and obtaining the position of Partner. (*Id.*, ¶ 42).

### B. Facts Related to the Arbitration Agreement

The Arbitration agreement states that "[t]the Arbitrator shall have authority to resolve all Covered Claims with finality…except that the Arbitrator shall not have the authority hear a Covered Claim on a class, collective, consolidated or representative basis, nor shall the Arbitrator have the authority to grant…**other relief extending beyond the individual claimant**." (Defs.' Mot., at Ex. 1.A, ¶ 3.f) (emphasis added). The Arbitration Agreement further states that "[c]laims that arise under Title VII of the Civil Rights Act of 1964, which prohibits employment discrimination on the basis of race, color, religion, sex and national origin, unless and until federal law no longer prohibits the Firm from mandating arbitration of such claims." (*Id.*, 1.d.viii.).

Plaintiff filed her Complaint in this Court on November 12, 2020. (Dkt.1) Plaintiff is seeking as part of her Complaint "declaratory relief, declaring the Policy invalid and in violation of the" ADEA, PHRA, and PFEO and seeks "an injunction against Defendants from further using the Policy." (*Id.*, ¶¶ 54, 57, 67, 70, 74, 77).[2]

On November 23, 2020, Counsel for Defendants provided to Plaintiff's Counsel for the first time a copy of the Arbitration Agreement. (Ex. A., ¶ 3). On January 20, 2021, Defendants filed their Motion to Compel Arbitration. (Dkt. 15). On February 18, 2021, Plaintiff filed a Motion Seeking Leave to Submit an Amended Complaint.

---

[2] Plaintiff's proposed amended complaint additionally seeks such relief under the NYSHRL and the NYCHRL.

### III. **LEGAL STANDARD**

The court may compel arbitration only where there is no genuine dispute of material fact that the parties entered into a valid agreement to arbitrate, and the parties' claims are within the scope the agreement to arbitrate. *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 159 (3d Cir. 2009) (citing *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 (3d Cir. 1980); *See also Kaneff v. Del. Title Loans*, 587 F.3d 616, 620 (3d Cir. 2009) (motions to compel arbitration to be decided by district courts under the same standard applied to motions for summary judgment pursuant to Fed. R. Civ. P. 56). "In making this determination, the party opposing arbitration is entitled to 'the benefit of all reasonable doubts and inferences that may arise.'" *Kirleis*, 560 F.3d at 159 (internal quotations omitted); *Kaneff*, 587 F.3d at 620.

The Court should only apply the 12(b)(6) standard "when it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause.'" *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 776 (3d Cir. 2013) (*quoting Somerset Consulting, LLC, v. United Capital Lenders*, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011)). Thus, "a Rule 12(b)(6) standard is inappropriate when", like here, "the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity to establish on its face that the parties agreed to arbitrate." *Lomax v. Vivint Solar Developer, LLC,* No. 20-cv-1774-JMY, 2020 U.S. Dist. LEXIS 215545, at \*5 (E.D. Pa. Nov. 18, 2020) (internal quotations omitted)

"Because '[a]rbitration is strictly a matter of contract,' arbitration agreements are subject to the principles of contract interpretation." *Russell v. Chesapeake Appalachia, L.L.C.*, 2014 U.S. Dist. LEXIS 163401, \*17 (M.D. Pa. Nov. 21, 2014) (quoting *Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 444 (3d Cir. 1999)). "To determine whether the parties agreed to arbitrate,

we turn to 'ordinary state-law principles that govern the formation of contracts.'" *Kirleis*, 560 F.3d at 160 (quoting *First Options of Chic., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

## IV.  LEGAL ARGUMENT

### A. Plaintiff's Claims, Including Her Request For Declaratory And Injunctive Relief, Are Excluded From The Arbitration Agreement

Ms. McCarey and Defendants did not agree to arbitrate Plaintiff's claims. The Arbitration Agreement expressly states that the Arbitrator shall not "have the authority to grant class-wide relief, relief on a consolidated basis, **or other relief extending beyond the individual claimant**." (Arbitration Agreement, ¶ 3.f) (emphasis added). Here, it is undisputed that Plaintiff seeks just that – relief extending beyond herself – such that her claims are excluded from the Arbitration Agreement.

Specifically, Defendants utilize the Policy, which is a partnership agreement mandating retirement for all partners at age sixty (60). (Compl., ¶ 37). The Policy is age discriminatory and prohibits all employees over the age of sixty (60), including Plaintiff, from applying to and obtaining the position of Partner. (*Id.*, ¶¶ 38-40). As outlined in her Complaint, Plaintiff seeks "declaratory relief, declaring the Policy invalid and in violation of the" ADEA, PHRA, and PFEO and "an injunction against Defendants from further using the Policy." (Compl., ¶¶ 54, 57, 67, 70, 74, 77). If, and when, this relief is granted, it will have an impact that extends far beyond Ms. McCarey. It would invalidate a companywide policy, thus making all employees over the age of sixty (60), who were previously ineligible, now eligible for partnership. Therefore, since the Arbitration Agreement expressly excludes the relief that Plaintiff seeks, Plaintiff's claims are excluded from the Agreement, and Defendants' Motion should be denied.[3]

---

[3] Any request by Defendants to litigate Plaintiff's claims pertaining to declaratory and injunctive relief in court while compelling the remaining claims to arbitration would be improper. The plain language of the Arbitration

**B. To The Extent That This Court Concludes That Plaintiff's Claims, Including Her Request For Declaratory And Injunctive Relief, Are Nevertheless Covered By The Arbitration Agreement, Then the Arbitration Agreement Is Unenforceable As a Substantive Waiver Of Plaintiff's Rights.**

To the extent this Court concludes that Plaintiff's claims, including her request for declaratory and injunctive relief, are nevertheless subject to the Arbitration Agreement, then the same should be determined unenforceable as a substantive waiver of Plaintiff's protected rights. The Supreme Court has recognized that "by agreeing to arbitrate a statutory claim, a party does not forego the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 628 (1985)). Therefore, "'statutory claims may be the subject of an arbitration agreement,' so long as the arbitration agreement preserves the ability of the plaintiff to pursue the statutory remedies in arbitration that she would be permitted to pursue in court." *Gilbert v. Indeed, Inc.*, No. 20-cv-3826 (LJL), 2021 U.S. Dist. LEXIS 9717, at *58 (S.D.N.Y. Jan. 19, 2021) (quoting *Ragone v. Atl. Video*, 595 F.3d 115, 125 (2d Cir. 2010). Otherwise, the agreement would be void "'as against public policy.'" *Ragone*, 595 F.3d at 125 (quoting *Mitsubishi Motors Corp*, 473 U.S. 614, at 637 n.19); *See also Hayes v. Delbert Servs. Corp.*, 811 F.3d 666, 674 (4th Cir. 2016) (quoting *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 273 (2009)) ("[W]hile the Court has affirmed that the FAA gives parties the freedom to structure arbitration in the way they choose, it has repeatedly cautioned that this freedom does not extend to a 'substantive waiver of federally protected civil rights' in an arbitration agreement."); *Smith v. W. Sky Fin., LLC*, 168 F. Supp. 3d 778, 785 (E.D. Pa. 2016) (same).

---

Agreement clearly dictates that arbitration is not proper when, as in here, the plaintiff seeks relief beyond herself. Nothing in the Arbitration Agreement would permit bifurcation of Plaintiff's claims in this situation.

Here, Plaintiff has a statutory right to pursue a declaration that the Policy is unlawful and to enjoin Defendants from using it. *See* e.g**.** ADEA, 29 U.S.C.S. § 626 (c)(1); 43 P.S. § 962(c), PFEO, 659.02; 28 U.S.C. § 2201(a).[4] If Plaintiff is compelled to arbitration, she would be waiving her right to that relief. Therefore, to the extent this Court believes that Plaintiff's claims are subject to the Arbitration Agreement, then the same should be determined unenforceable as a substantive waiver of Plaintiff's protected rights.

### C. Defendants Have Not Met Their Burden In Demonstrating that Plaintiff's Title VII Claims Should Be Arbitrated

The Arbitration Agreement expressly excludes "[c]laims that arise under Title VII of the Civil Rights Act of 1964…**unless and until federal law no longer prohibits the Firm from mandating arbitration of such claims**." (Arbitration Agreement, ¶1.d.viii) (emphasis added) The Firm is defined as "PricewaterhouseCoopers, LLP, and/or any of its subsidiaries or affiliates based the United States." (*Id* at p. 1). As Defendants note, federal law prohibits contractors with non-commercial Department of Defense contracts, executed on or after February 17, 2010, and in excess of $1 million, from mandating arbitration of Title VII claims. *See* 48 C.F.R. §§ 222.7402(a)(1)(i), 252.222-7006. Thus, according to the plain language of the Arbitration Agreement, Title VII claims are excluded therefrom unless and until *PricewaterhouseCoopers, LLP and/or any of its subsidiaries or affiliates based in the United States* do not have such contracts.

Here, Defendants rely on Mr. McCory's declaration in this regard, which simply states, "[d]uring the period from April 9, 2018 to the present, PWC" *which he defines solely as PricewaterhouseCoopers LLP*, "has not been party to any non-commercial contract with the U.S. Department of Defense in excess of $1 million that was executed on or after February 17,

---

[4] Plaintiff is additionally entitled to such relief under the NYSHRL, NY Exec § 297(4), (9) and the NYCHRL, N.Y.C. Admin. Code § 8-502(a).

2010." (Defs.' Mot., at Ex. 4, ¶¶ 2-3)   Critically, Mr. McCory's declaration is silent on whether any of PWC's subsidiaries or affiliates have entered such a contract.  Without that evidence, Defendants have not met their burden that Title VII claims are no longer excluded from the Arbitration Agreement, and their Motion should be denied.[5]

### D. Plaintiff Should Not Be Compelled to Arbitration As New York Law Expressly Prohibits The Arbitration Of Employment Related Claims

Plaintiff should not be compelled to arbitration since New York law[6] expressly prohibits the arbitration of employment related claims. In 2018, New York's State Legislature enacted Section 7515 of the Civil Practice Law & Rules, which prohibited mandatory arbitration clauses in employment discrimination cases. CPLR § 7515. "Its essential purpose, as clearly manifested by its express definitional and substantive language, is to render 'null and void' any contractual provision mandating arbitration of 'any allegation or claim of discrimination.'" N*ewton v. LVMH Moët Hennessy Louis Vuitton Inc.*, 2020 N.Y. Misc. LEXIS 3288, at *4 (N.Y. Sup. Ct. July 10, 2020) (quoting CPLR § 7515(a)(2), b(iii)).  The statute prohibited "arbitration clauses 'entered into or after the effective date of the statute'" and also "declare[ed] then-existing mandatory arbitration clauses, such as the one underlying the instance motion, 'null and void." *Id.* at *5 (quoting § 7515(b)(iii)).

---

[5] It is expected that Defendants will attempt to rebut this argument by relying on *Ashford v. Pricewaterhousecoopers LLP*, 954 F.3d 678 (4th Cir. 2020). There, the Court concluded "[b]y using 'or,' the parties agreed Title VII claims were subject to arbitration if PwC *or* any of its subsidiaries or affiliates were no longer prohibited from mandating arbitration of Title VII claims." *Id.* at 684. However, the Court erred in reaching this conclusion.  The Court focused solely on the conjunctive "or" and improperly ignored the conjunctive "and", rendering it as mere surplusage. *See C. USA Operating Co. v. Indian Harbor Ins. Co.*, No. 07-CV-0116 (CM), 2007 U.S. Dist. LEXIS 25133, at *25 (S.D.N.Y. Mar. 23, 2007) ("courts should construe contracts so as to avoid rendering contract language mere surplusage.") Thus, *Ashford* should not be considered persuasive.

[6] The Arbitration Agreement is "governed by the FAA and, to the extent, if any, that the FAA is held not to apply, by the law of the State of New York, without regard to its conflict of laws principles (including for purposes of determining contract formation)." (Arbitration Agreement, ¶ 5).  As discussed more fully below, the FAA should not apply.  Furthermore, Plaintiff's Amended Complaint seeks to add claims under New York Law.

8

The FAA, importantly, does not preempt the CPLR or apply to Plaintiff's discrimination claims, because "discrimination-based claims[] cannot reasonably be characterized as claims concerning or 'arising out of' 'a transaction involving commerce.'"[7] *Id.* at**8-9. As such, this Court should find that CPLR § 7515 prohibits the arbitration of Plaintiff's claims.

However, should this Court find *Newton*'s conclusion regarding the FAA unpersuasive, then the Court should still deny Defendants' Motion. That is because The FAA violates Plaintiff's Seventh Amendment right to a jury trial and Fourteenth Amendment right to due process.

The Seventh Amendment to the United States Constitution states:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

The Supreme Court has proclaimed: "[a]s the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver." *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937). The Seventh Amendment should be considered "fundamental to our scheme of ordered liberty and system of justice" and should not be infringed upon by federal or state statute. *McDonald v. City of Chi.*, 561 U.S. 742, 764 (2010).

---

[7] Recently, the Southern District of New York rejected *Newton's* decision that the FAA did not preempt or apply to discrimination claims covered by CPLR, concluding that the relevant question of the FAA applicability "is not whether *the claim* arises from a transaction involving commerce, but rather whether *the contract* containing the arbitration clause 'evidenc[es] a transaction involving commerce.'" *Gilbert*, 2021 US. Dist. LEXIS 9717, at *45 (quoting 9 U.S.C. § 2). However, as *Newton* recognized, this interpretation ignores the plain language of the FAA, which pertinently states "[a] written provision in . . . a contract evidencing ***a transaction involving commerce*** to settle by arbitration a controversy thereafter ***arising out of such contract***, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy ***arising out of such a contract*** . . . or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Newton*, 2020 N.Y. Misc. LEXIS 3288, at *8 (citing 9 U.S.C. § 2) (emphasis included). Thus, *Gilbert* improperly ignored the FAA's "arising out of such contract" language such that the operable question is, in fact, whether the claim arises from a transaction involving commerce.

9

In *McDonald*, the Supreme Court held that the Second Amendment was "fundamental" and any law that infringes upon it violates the constitutionally protected due process rights of citizens. *Id.* at 744-45. That case, and the Supreme Court's analysis, is applicable here. In *McDonald*, the Supreme Court set forth the following test to determine whether a right set forth in the Bill of Rights should be incorporated and thus not infringed upon by federal or state statute: whether the right is "fundamental to *our* Nation's scheme of ordered liberty…or, as the Court has said in a related context, whether it is 'deeply rooted in this Nation's history and tradition.'" 561 U.S. at 767, (quoting *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997)).

In doing so, the Court "explored the right's origins in English law and noted the esteem with which the right was regarded during the colonial era and at the time of the ratification of the Bill of Rights," finding it was "powerful evidence that the right was regarded as fundamental in the sense relevant here." *Mcdonald*, 561 U.S. at 745. In its analysis, the Court found that because state constitutions recognized a right to keep and bear arms around the time the Bill of Rights was passed that the founding fathers regarded the Second Amendment to be fundamental to our country's scheme of liberty and system of justice. *Id.* at 767-778.

Applying this same analysis to the Seventh Amendment right to a jury trial leads to the same result. In fact, the factors weigh heavier in favor of the right to a jury trial than they do to the right to keep and bear arms. For example, the Court in *McDonald* found that "[i]n 1868, 22 of the 37 States in the Union had state constitutional provisions explicitly protecting the right to keep and bear arms" and found this fact particularly persuasive in concluding the right is "fundamental." *Id.* at 777 (citing Calabresi & Agudo, *Individual Rights Under State Constitutions When the Fourteenth Amendment Was Ratified in 1868: What Rights Are Deeply Rooted in American History and Tradition?*, 87 Texas L. Rev. 7, 50 (2008)). This same law

review article also discussed the Seventh Amendment, advocating that it should be recognized as an incorporated right. *Id.* at 77-78. In support, the article highlighted that 36 of 37 states in 1868 guaranteed the right to jury trials in all civil or common law cases, emphasizing that "fully 98% of all Americans in 1868 lived in jurisdictions where they had a fundamental state constitutional right to jury trial in all civil or common law cases." *Id.* The Supreme Court has not analyzed the specific issue of the incorporation of the Seventh Amendment since the doctrine of selective incorporation was adopted in 1960 and has never analyzed whether the infringement of the right to a jury trial violates the Seventh Amendment under the factors set forth in *McDonald*. *See, e.g.*, *Gideon v. Wainright*, 372 U.S. 335, 341 (1963). However, the reasoning set forth by the Supreme Court in *McDonald* can only lead to one conclusion for the Seventh Amendment, that in fact it is "a fundamental right." Therefore, the FAA violates the Seventh Amendment and should be determined unconstitutional.

Since the FAA should be considered unconstitutional, it cannot apply or preempt the CPLR. As such, Plaintiff should not be compelled to arbitrate her claims pursuant to CPLR § 7515.

### E. In The Event This Court Compels Arbitration, Plaintiff's Claims Should Be Stayed

Should this Court choose to grant Defendants' Motion, then this case should be stayed. The Federal Arbitration Act provides:

> If any suit or proceeding brought in any courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. §3. "The plain language of §3 affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration." *Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 269 (3d Cir. 2004).

## V.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion.

                                                             **CONSOLE MATTIACCI LAW, LLC**

Date: February 18, 2021          By:    <u>s/ Lane J. Schiff</u>
                                                                    Lane J. Schiff, Esquire
                                                                    1525 Locust Street
                                                                    Philadelphia, PA 19102
                                                                    (215) 545-7676
                                                                    (215) 405-2964 (facsimile)

                                                                    *Attorney for Plaintiff*
                                                                    *Pamela McCarey*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSLYVANIA**

| | | |
|---|---|---|
| PAMELA MCCAREY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 20-cv-1744-DSC |
| v. | ) | |
| | ) | |
| PWC ADVISORY SERVICES LLC & | ) | |
| PRICEWATERHOUSECOOPERS LLP, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I, Lane J. Schiff, Esquire, hereby certify that on the date set forth below, I sent the foregoing, via ECF, upon counsel for Defendants:

Jason C. Schwartz
Naima L. Farrell
Anna Casey
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500

*Counsel for Defendants*

**CONSOLE MATTIACCI LAW, LLC**

Date: February 18, 2021        By:    */s/ Lane J. Schiff*_____
                                      Colin Saltry, Esquire
                                      Lane J. Schiff, Esquire
                                      1525 Locust Street
                                      Philadelphia, PA 19102
                                      (215) 545-7676
                                      (215) 565-2859 (fax)

                                      *Attorneys for Plaintiff, Pamela McCarey*