**IN THE UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PAMELA MCCAREY** | : | |
| | : | **CIVIL ACTION NO. 20-1774** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PWC ADVISORY SERVICES, LLC &** | : | |
| **PRICEWATERHOUSECOOPERS LLP** | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendants.** | : | |

**FIRST AMENDED CIVIL ACTION COMPLAINT**

## I.   INTRODUCTION

Plaintiff, Pamela McCarey, brings this action against her former employers, PwC Advisory Services LLC and PricewaterhouseCoopers LLP, for unlawful discrimination, in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1)(a) *et seq.* ("NYCHRL"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the City of Pittsburgh Fair Employment Ordinance ("PFEO"), Chapter 659.02. Plaintiff seeks damages, including back-pay, front-pay, compensatory, punitive, liquidated, declaratory relief, injunctive relief, costs and attorneys' fees, and all other relief that this Court deems appropriate.

II.     **PARTIES**

1.      Plaintiff, Pamela McCarey, is an individual and a citizen of the Commonwealth of Pennsylvania.  She resides in Pittsburgh, Pennsylvania.

2.      Plaintiff was a sixty-three (63) year old female at the time Defendants terminated her employment.

3.      Defendant, PwC Advisory Services LLC, is a limited liability company maintaining a place of business located at 600 Grant Street, Pittsburgh, PA 15219.

4.      Defendant, PricewaterhouseCoopers LLP is a limited liability partnership maintaining a place of business located at 600 Grant Street, Pittsburgh, PA 15219.

5.      At all times material hereto, Defendants collectively constituted Plaintiff's employers under the joint and/or single employer doctrine.  Upon information and belief, Defendants shared common management, had interrelated operations, and collectively controlled Plaintiff's job duties and responsibilities.

6.      At all times material hereto, Defendants acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

7.      Plaintiff worked in Pittsburgh, Pennsylvania, among other places.  Plaintiff additionally worked in Defendants' office in New York, New York.

8.      At all times material hereto, Defendants were an employer within the meanings of the ADEA, Title VII, NYSHRL, NYCHRL, PHRA, and PFEO.

9.      At all times material hereto, Plaintiff was an employee within the meanings of the ADEA, Title VII, NYSHRL, NYCHRL, PHRA, and PFEO.

III.     **JURISDICTION AND VENUE**

10.     The causes of action that form the basis of this matter arise under the ADEA, Title VII, NYSHRL, NYCHRL, PHRA, and PFEO.

11.     The District Court has jurisdiction over Count I (ADEA) and Count II (Title VII), pursuant to 28 U.S.C. §1331.

12.     The District Court has jurisdiction over Count III (NYSHRL), Count IV (NYCHRL), Count V (PHRA) and Count VI (PFEO) pursuant to 28 U.S.C. §1367.

13.     Venue is proper in the District Court pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5.

14.     On or about November 8, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein ("Charge").  Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

15.     On August 15, 2020, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.  Attached hereto and marked as Exhibit "B" is a true and correct copy of this notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

16.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.     **FACTUAL ALLEGATIONS**

17.     Plaintiff was employed by Defendants from in or about 1997 until on or about June 28, 2019.

18.     In or about 2014, Plaintiff was promoted to Managing Director.  The promotion process required multiple levels of leadership approval and demonstration of capabilities as a leader in the organization.

19.     As Managing Director, Plaintiff consistently performed her job duties in a highly competent manner.

20.     In or about May 2018, Defendants informed Plaintiff that she would not receive a salary increase, effective July 1, 2018.

21.     Younger and/or male Managing Directors received a salary increase.

22.     On or about July 1, 2018, Plaintiff began reporting to Nikki Parham, Partner.

23.     Plaintiff was the oldest Managing Director reporting to Parham, the majority of whom were men.

24.     Parham excluded Plaintiff from tasks, projects, meetings, and communications relevant to Plaintiff's job duties and responsibilities.

25.     Parham assigned tasks and projects that should have been assigned to Plaintiff to less qualified and experienced male and younger employees.

26.     On or about January 23, 2019, Plaintiff worked in Defendants' New York, New York office at Defendants' request.

27.     While Plaintiff was working in Defendants' New York, New York office on January 23, 2019, Defendants' notified Plaintiff that her employment was terminated, effective April 15, 2019.

28.     The stated reason was position elimination.

29.     Defendants' articulated reason is a pretext

30.     Parham told Plaintiff that her termination had nothing to do with her performance, and that it was based on changes in Defendants' business.

31.     Plaintiff was not offered any opportunity to remain employed with Defendants and was told that she was not allowed to apply for any position in her business unit.

32.     No other Managing Director reporting to Parham was terminated at the time Defendants' terminated Plaintiff's employment.

33.     In or about March of 2019, Defendants extended Plaintiff's termination date to June 28, 2019.

34.     On June 28, 2019, Defendants terminated Plaintiff's employment.

35.     Following Plaintiff's termination, Defendants assigned Plaintiff's job duties to male and/or younger employees.

36.     In or about October 2019, Defendants hired a less qualified and substantially younger male, Alexander Marsden as Partner, to replace Plaintiff and/or take over a portion of her job duties and responsibilities.

37.     Within months of Plaintiff's termination, Defendants additionally terminated the employment of older and/or female employees.

38.     Defendants' utilize a partnership agreement that mandates retirement for all Partners at age sixty (60) ("the Policy").

39.     The Policy evidences an age bias and impacts decisions regarding who will be made Partner.

40.     The Policy prohibits all employees over the age of sixty (60) from applying to and obtaining the position of Partner.

41.     The position of Partner would have constituted a promotion for Plaintiff.

5

42.     Once Plaintiff reached the age of sixty (60), the Policy prohibited Plaintiff from applying to and obtaining a promotion to the position of Partner.

43.     Younger employees were not similarly prohibited by the Policy from applying to and obtaining the position of Partner.

44.     Defendants have an underrepresentation of female employees, particularly in high-level positions.  Out of the twenty (20) employees on Defendants' Health Industry Advisory Group Leadership Team, only six (6) are female.

45.     Plaintiff's age (63) was a determinative and motivating factor in the decision to terminate her employment.

46.     Plaintiff's sex (female) was a determinative and/or motivating factor in the decision to terminate her employment.

47.     Plaintiff's combination of age and sex was a determinative and motivating factor in the decision to terminate her employment.

48.     Plaintiff's sex (female) was a determinative and/or motivating factor in the decision not to give her a salary increase.

49.     Plaintiff's age was a determinative and motivating factor in the decision not to promote Plaintiff to partner.

50.     As a direct and proximate result of Defendants' behavior, Plaintiff has sustained in the past and will sustain in the future a loss of earning, emotional upset, and pain and suffering.

51.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

## COUNT I - ADEA

52.     Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

53.     By committing the foregoing acts of discrimination against Plaintiff, Defendants violated the ADEA.

54.     Defendants' violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

55.     In addition to all other damages, Plaintiff is entitled to declaratory relief, declaring the Policy invalid and in violation of the ADEA.

56.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

57.     Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

58.     In addition to all other damages, Plaintiff is entitled to equitable relief, including an injunction against Defendants from further using the Policy.

59.     No previous application has been made for the relief requested herein.

## COUNT II – Title VII

60.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

61.     By committing the foregoing acts of discrimination against Plaintiff, Defendants violated Title VII.

62.     Defendants acted with malice or a reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

63.     As a direct and proximate result of Defendants' violations of Title VII, Plaintiff

7

has suffered the injuries, damages, and losses set forth herein.

64.     Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

65.     No previous application has been made for the relief requested herein.

## COUNT III - NYSHRL

66.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

67.     By committing the foregoing acts of discrimination against Plaintiff, Defendants violated the NYSHRL.

68.     In addition to all other damages, Plaintiff is entitled to declaratory relief, declaring the Policy invalid and in violation of the NYSHRL.

69.     As a direct and proximate result of Defendants' violations of the NYSHRL, Plaintiff has suffered the injuries, damages, and losses set forth herein.

70.     Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

71.     In addition to all other damages, Plaintiff is entitled to equitable relief, including an injunction against Defendants from further using the Policy.

72.     No previous application has been made for the relief requested herein.

## COUNT IV - NYCHRL

73.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

74.     By committing the foregoing acts of discrimination against Plaintiff, Defendants violated the NYCHRL.

75.     Defendants acted with willfully or recklessly or with a conscious disregard of Plaintiff's rights, thereby warranting the imposition of punitive damages.

76.     In addition to all other damages, Plaintiff is entitled to declaratory relief, declaring the Policy invalid and in violation of the NYCHRL.

77.     As a direct and proximate result of Defendants' violations of the NYSHRL, Plaintiff has suffered the injuries, damages, and losses set forth herein.

78.     Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

79.     In addition to all other damages, Plaintiff is entitled to equitable relief, including an injunction against Defendants from further using the Policy.

80.     No previous application has been made for the relief requested herein.

**COUNT V – PHRA (in the alternative to the NYSHRL and NYCHRL claims)**

81.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth at length herein.

82.     By committing the foregoing acts of discrimination against Plaintiff, Defendants violated the PHRA.

83.     In addition to all other damages, Plaintiff is entitled to declaratory relief, declaring the Policy invalid and in violation of the PHRA.

84.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein.

85.     Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

86.     In addition to all other damages, Plaintiff is entitled to equitable relief, including an injunction against Defendants from further using the Policy.

87.     No previous application has been made for the relief requested herein.

**COUNT VI – PFEO (in the alternative to the NYSHRL and NYCHRL claims)**

88.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth at length herein.

89.     By committing the foregoing acts of discrimination against Plaintiff, Defendants violated the PFEO.

90.     In addition to all other damages, Plaintiff is entitled to declaratory relief, declaring the Policy invalid and in violation of the PFEO.

91.     As a direct and proximate result of Defendants' violation of the PFEO, Plaintiff has sustained the injuries, damages, and losses set forth herein.

92.     Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

93.     In addition to all other damages, Plaintiff is entitled to equitable relief, including an injunction against Defendants from further using the Policy.

94.     No previous application has been made for the relief requested herein.


**RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

a.  declaring the acts and practices complained of herein to be a violation of the ADEA;

b.  declaring the acts and practices complained of herein to be a violation of the Title VII;

c.  declaring the acts and practices complained of herein to be in violation of the NYSHRL;

d.  declaring the acts and practices complained of herein to be in violation of the NYCHRL;

e.  declaring the acts and practices complained of herein to be in violation of the PHRA;

f.  declaring the acts and practices complained of herein to be in violation of the PFEO;

g.  declaring the Policy invalid and to be in violation of the ADEA, NYSHRL, NYCHRL, PHRA, and/or PFEO;

h.  enjoining and restraining permanently the violations alleged herein;

i.  enjoining and restraining Defendants from using the Policy;

j.  awarding Plaintiff back-pay;

k.  awarding Plaintiff front-pay;

l.  awarding interest;

m.  awarding compensatory damages to Plaintiff for past and future emotional upset and pain and suffering;

n.  awarding liquidated damages;

o.  awarding punitive damages;

p.      awarding Plaintiff the costs of this action, together with reasonable attorneys'

fees;

q.      awarding Plaintiff such other damages as are appropriate under the, ADEA, Title

VII, NYSHRL, NYCHRL, PHRA, and PFEO; and

r.      granting such other and further relief as this Court deems appropriate.

**CONSOLE MATTIACCI LAW, LLC**

Date:    February 18, 2021          By:    _____

LANE J. SCHIFF
1525 Locust Street
Philadelphia, PA 19102
(215) 545-7676
(856) 545-8211 (fax)

Attorneys for Plaintiff,
Pamela McCarey

# EXHIBIT A

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | Q  FEPA<br>**X**  EEOC | |

| STATE OR LOCAL AGENCY: <u>Pennsylvania Human Relations Commission;</u><br><u>Philadelphia Commission on Human Relations; Pittsburgh Commission on</u><br><u>Human Relations</u> | | |
|---|---|---|

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>**Pamela McCarey** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>REDACTED |
|---|---|

| STREET ADDRESS<br>REDACTED | CITY, STATE AND ZIP<br>Pittsburgh, PA 15205 | DATE OF BIRTH<br>REDACTED |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**PricewaterhouseCoopers International Limited; PricewaterhouseCoopers LLP** | NUMBER OF EMPLOYEES, MEMBERS<br>>15 | TELEPHONE (Include Area Code)<br>(412) 355 6000 |
|---|---|---|

| STREET ADDRESS<br>600 Grant Street<br>2001 Market Street, Suite 1800 | CITY, STATE AND ZIP<br>Pittsburgh, PA 15219<br>Philadelphia, PA 19103 | COUNTY<br>Allegheny<br>Philadelphia |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race   Q  Color   **X** Sex    Q  Religion    Q  National Origin<br> Q  Retaliation   **X** Age   Q Disability    Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest*  08/15/2019 |
|---|---|

**The Particulars Are:**

A.      1.      Relevant Work History

I began working at Respondents in or about 1997.  I last held the position of Managing Director.  I last reported to Nikki Parham (female, 45), Health Industries Advisory, Partner.  Before reporting to Parham, I reported to Michael Cohen (male, 45), Operations Transformation Leader.  Parham and Cohen reported to Jeffrey Gitlin (male, 45), US Health Industries Advisory Leader.

Respondents terminated my employment because of my sex (female), my age (63), and the combination of my sex and my age ("sex/age").  Respondents failed to compensate me as much as male and/or younger employees were compensated.  Respondents failed to promote me to Partner, and promoted male and/or younger employees to Partner. When I was terminated, Respondents hired male and/or younger employees into positions for which I was qualified, and assigned my job duties and responsibilities to male and/or younger employees.

I consistently demonstrated excellent performance and dedication to Respondent.  I consistently perform my job duties in a highly competent manner and receive positive feedback.

| **X** I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date: 11/4/19      Charging Party (*Signature*):<br>*Pamela M. McCarey* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

EEOC Charge of Discrimination
Page 2 of 4
Initials of Charging Party – *pmm*

2.      Harm Summary

Respondent discriminated against me because of my sex (female), my age (63), and the combination of my sex and my age ("sex/age").  Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following:

(a)   In or about May 2018, Respondents informed me that I would not receive a salary increase, effective July 1, 2018.

(b)   Respondents failed to increase my salary because of my sex, age, and/or sex/age.

(c)   Respondents compensated less qualified and experienced male and/or younger employees more than Respondents compensated me.

(d)   On or about July 1, 2018, I began reporting to Parham.

(e)   I was the longest-tenured Managing Director employee reporting to Parham.

(f)   I was the oldest active Managing Director employee reporting to Parham.

(g)   At the time of my termination, I was one (1) of two (2) active female Managing Director employees out of eight (8) Managing Director employees reporting to Parham.

(h)   Parham excluded me from certain tasks, projects, meetings, and communications relevant to my job duties and responsibilities.

(i)   Parham assigned certain tasks and projects that I should have been assigned to less qualified and experienced male and/or younger employees, including Shaun Woody (38), Director, and Alison Shipley (35), Director.

(j)   Respondent failed to promote me to Partner.

(k)   Respondents offered no explanation, including the selection criteria, as to why I was not promoted to Partner, and substantially younger and/or male employees were promoted to Partner.  I was more qualified and experienced to be promoted to Partner than younger and/or male employees who were promoted to Partner.

(l)   Respondent failed to promote me to Partner because of my sex, age, and/or sex/age.

(m) In or about November 2018, Respondents failed to provide me with a mid-year review or feedback.

(n)   On January 23, 2019, in a meeting with Parham, I was notified that my employment would be terminated, effective April 15, 2019.  The stated reason was position elimination.  I was told that my termination had nothing to do with my performance, and that it was based on changes in Respondents' business.  When I stated that this did not make sense, as the work I was doing was growing, and asked why I was selected, I was told that there were other employees who could do the work that I was doing.  I was not offered any opportunity to remain employed with Respondents and was told that I was not allowed to apply for any position in my business unit of Advisory Services.  Parham stated that I could work with Respondents temporarily as an independent contractor to continue doing the job duties and responsibilities I was doing as Managing Director.

(o)   Respondents' stated reasons are pretext.

**EEOC Charge of Discrimination**
**Page 3 of 4**
**Initials of Charging Party –** *pmm*

(p)  Respondents notified me of termination because of my sex, age, and/or sex/age.

(q)  To my knowledge, I was the only Managing Director employee reporting to Parham who was notified of termination on January 23, 2019.

(r)  Respondents offered no explanation, including the selection criteria, as to why I was selected for termination and male and/or younger employees were retained.

(s)  Before the termination meeting, I had no indication that my job was in jeopardy.

(t)  I had no performance or disciplinary issues throughout my employment.

(u)  In or about March 2019, Respondents extended my termination date to June 28, 2019.

(v)  On June 28, 2019, Respondents terminated my employment.

(w)  Respondents terminated my employment because of my sex, age, and/or sex/age.

(x)  From June 28, 2019 to August 15, 2019, I worked with Respondents as an independent contractor, to continue doing the job duties and responsibilities I was doing as Managing Director.

(y)  Respondents sought my assistance to transition my knowledge and duties to other employees, including male and/or substantially younger employees, without retaining me as an employee.

(z)  Respondents sought my assistance as an independent contractor instead of retaining me as an employee because of my sex, age, and/or sex/age.

(aa) On August 15, 2019, my contract, through which I was working with Respondents as an independent contractor, completed.

(bb) I had no opportunity to remain employed with Respondents.

(cc) Respondents provided me with no opportunity to remain employed with Respondents because of my sex, age, and/or sex/age.

(dd) When I was terminated, Respondents retained male and/or younger employees in positions for which I was more qualified to perform.

(ee) Respondents assigned my job duties to male and/or younger employees.

(ff)  In or about October 2019, Respondents hired Alexander Marsden (male, 42), Partner, an external candidate, to replace me and/or take over a portion of my job duties and responsibilities.

(gg) I was more qualified for the Partner position than the substantially younger male external candidate who was hired and assigned my job duties and responsibilities.

(hh) In or about October 2019, Respondents hired additional male and/or younger employees into positions for which I was more qualified and experienced.

(ii)  Respondents recently terminated other older and/or female employees, including the following: Laura Gaffney (female, 58), Managing Director; and Clinton Maloney (male, 52), Managing Director.

EEOC Charge of Discrimination
Page 4 of 4
Initials of Charging Party – *pmm*

(jj) Respondents' mandatory retirement age for Partners is sixty (60).

(kk) Respondents' mandatory retirement age of sixty (60) for Partners evidences age bias and impacts decisions regarding who will be made Partner.

(ll) Respondents' conduct evidences a bias against female employees, older employees, and/or older female employees.

(mm) Respondent has an underrepresentation of female employees, particularly in high-level positions.  For example, out of the twenty (20) employees on Respondents' Leadership Team, only six (6) are female.

(nn) Respondent's sex, age, and sex/age discriminatory conduct toward me has caused me emotional distress.


B. 1. Respondents' Stated Reasons

(a) Respondents have failed to provide me with any explanation for failing to promote me to Partner, for which I was qualified.

(b) Respondents have failed to provide me with any explanation for failing to increase my salary and for compensating me less than less qualified and experienced younger and/or male employees.

(c) Respondent's stated reason for terminating my employment, position elimination, is pretext for sex, age, and/or sex/age discrimination.

(d) Respondent has failed to provide any non-age-biased explanation for its mandatory retirement policy for Partners.


C. 1. Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my sex (female), my age (63), and my sex/age, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"); the Equal Pay Act, 29 U.S.C. § 206 *et seq.* ("EPA"); the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"); The City of Pittsburgh Fair Employment Ordinance ("PFEO"), Chapter 659.02, and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code § 9-1100, *et seq.* ("PFPO") as set forth herein.


D. 1. Class Charge

**I bring this Charge as a class and pattern and practice Charge on behalf of myself and any and all current or former employees of Respondent who are age forty (40) and over, and who have been discriminated against based on age in connection with demotion, failure to promote, termination, and being subjected to a hostile work environment, and/or termination.**

**I bring this Charge as a class Charge seeking to strike, and enjoin Respondent from using, Respondent's Mandatory Retirement Policy referenced herein, since the same discriminates against employees of Respondents over the age of forty (40) who are being considered for Partner.**

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Pamela McCarey v.**
**PricewaterhouseCoopers LLP; PricewaterhouseCoopers International Limited**

EEOC No. _____

  You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act.  Filing your charge with PHRC   protects your state rights, especially since there may be circumstances in which state and federal laws   and procedures vary in a manner which would affect the outcome of your case.

  Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are   unlawful discrimination.  If PHRC determines that your PHRC complaint is untimely, it will be    dismissed.

  If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with    your signature under the verification below, will constitute filing with the PHRC.  You have chosen    EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept    EEOC's finding.  If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to   file a request for preliminary hearing with PHRC.

  Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency,    the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is    required by either party, unless/until otherwise notified by PHRC.

  If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file    your complaint in state court.  PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

 X   I want my charge filed with PHRC.  I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint.  I request EEOC to transmit it to PHRC.

 X     *I understand that false statements in this complaint are made subject to the penalties of 18    Pa.C.S. §4904, relating to unsworn falsification to authorities.*

X     *Pamela M. McCarey*     11/4/19
      _____
      Signature and Date

____     I do not want my charge dual filed with PHRC

      _____
      Signature and Date

# EXHIBIT B

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  **Pamela McCarey**<br>REDACTED<br>**Pittsburgh, PA 15205** | From:  **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1000**<br>**Philadelphia, PA 19107** |

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No.<br>**530-2020-01154** | EEOC Representative<br>**Legal Unit,**<br>**Legal Technician** | Telephone No.<br>**(267) 589-9700** |
|---|---|---|

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

- [ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

- [ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

- [ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

- [ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

- [X] The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

- [ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

- [ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jamie R. Williamson*                              August 15, 2020

**Jamie R. Williamson,**
**District Director**                              (Date Mailed)

Enclosures(s)

cc:  **John Daly**
**Managing Director**
**PricewaterhouseCoopers LLP**
**300 Madison Ave**
**New York, NY 10017**

**Emily R. Derstine Friesen, Esq.**
**CONSOLE LAW, LLC**
**1525 Locust Street, 9th Floor**
**Philadelphia, PA 19102**