# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### PITTSBURGH DIVISION

|  |  |  |
|---|---|---|
| PAMELA MCCAREY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:20-cv-1744-DSC |
| | ) | |
| v. | ) | Hon. David Stewart Cercone |
| | ) | |
| PWC ADVISORY SERVICES LLC & | ) | |
| PRICEWATERHOUSECOOPERS LLP, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR
## MOTION TO COMPEL ARBITRATION AND TO STAY THE PROCEEDINGS,
## OR, IN THE ALTERNATIVE, TO DISMISS

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................ 1

ARGUMENT .............................................................................................................. 3

    I.    Plaintiff Cannot Overcome The Strong Presumption In Favor Of Arbitrability........................................................................................... 3

    II.    Plaintiff Is Bound By The Arbitration Agreement. ............................... 3

    III.    Plaintiff's Claims Fall Within The Scope Of Her Arbitration Agreement ............ 4

    IV.    The Arbitration Agreement Is Enforceable........................................... 7

    V.    Plaintiff's Title VII Claim Must Be Arbitrated.................................. 10

    VI.    The FAA Preempts New York's Civil Practice Law & Rules Section 7515....... 12

    VII.    The FAA Is Constitutional............................................................... 15

CONCLUSION......................................................................................................... 17

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Exp. Co. v. Italian Colors Rest.*,
   570 U.S. 228 (2013).................................................................................................7, 9, 16

*Ashford v. PricewaterhouseCoopers LLP*,
   954 F.3d 678 (4th Cir. 2020) ...................................................................................11, 12

*AT&T Mobility LLC v. Concepcion*,
   563 U.S. 333 (2011)..............................................................................................2, 12, 13

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
   475 U.S. 643 (1986).......................................................................................................3

*Brayman Constr. Corp. v. Home Ins. Co.*,
   319 F.3d 622 (3d Cir. 2003)............................................................................................3

*Brown v. FirstSource Advantage, LLC*,
   No. 17-5760, 2019 WL 568935 ..................................................................................6, 8

*Choice v. Option One Mortg. Corp.*,
   No. CIV.A. 02-6626, 2003 WL 22097455 (E.D. Pa. May 13, 2003) ................................15, 17

*Citizens Bank v. Alafabco, Inc.*,
   539 U.S. 52 (2003)........................................................................................................15

*Commodity Futures Trade Comm'n v. Schor*,
   478 U.S. 833 (1986)................................................................................................15, 16

*CompuCredit Corp. v. Greenwood*,
   565 U.S. 95 (2012).......................................................................................................16

*Cott v. Waldron, LP*,
   No. 15-cv-1259, 2016 WL 3166269 (W.D. Pa. May 2, 2016) ....................................6

*Crawford v. Goldman Sachs Grp., Inc.*,
   No. 159731/2020 (N.Y. Sup. Ct. Feb. 23, 2021) .......................................................13

*Danvers Motor Co. v. Ford Motor Co.*,
   432 F.3d 286 (3d Cir. 2005)............................................................................................7

*Davis v. Cintas Corp.*,
   No. 2:18-cv-01200, 2019 WL 2223486 (W.D. Pa. May 23, 2019) ..............................4

*Dean Witter Reynolds, Inc. v. Byrd*,
   470 U.S. 213 (1985).................................................................................................3, 16

# TABLE OF AUTHORITIES
(continued)

Page(s)

*EEOC v. Waffle House, Inc.*,
534 U.S. 279 (2002) ...................................................................................14

*Epic Sys. Corp. v. Lewis*,
138 S. Ct. 1612 (2018) ............................................................................7, 16

*Fuller v. Uber Techs. Inc.*,
No. 1501289/2020 (N.Y. Sup. Ct. Sept. 25, 2020) ..................................14

*Funa v. Pepperidge Farm, Inc.*,
No. 07-1743, 2011 WL 891242 (W.D. Pa. Mar. 11, 2011) ........................5

*Gilbert v. Indeed, Inc.*,
No. 20-CV-3826, 2021 WL 169111 (S.D.N.Y. Jan. 19, 2021) ............9, 14

*Gilmer v. Interstate/Johnson Lane Corp.*,
500 U.S. 20 (1991) ...........................................................................1, 8, 9

*Gilmer v. Interstate/Johnson Lane Corp.*,
895 F.2d 195 (4th Cir. 1990) ...........................................................8, 9, 15

*Green Tree Fin. Corp.-Ala. v. Randolph*,
531 U.S. 79 (2000) ...................................................................................16

*Guidotti v. Legal Helpers Debt Resolution, L.L.C.*,
716 F.3d 764 (3d Cir. 2013) ........................................................................4

*Hayes v. Delbert Services Corp.*,
811 F.3d 666 (4th Cir. 2016) .......................................................................9

*Johnson v. W. Suburban Bank*,
225 F.3d 366 (3d Cir. 2000) ...................................................................8, 10

*Koveleskie v. SBC Cap. Mkts., Inc.*,
167 F.3d 361 (7th Cir. 1999) .....................................................................15

*Lamps Plus, Inc. v. Varela*,
139 S. Ct. 1407 (2019) ..............................................................................13

*Latif v. Morgan Stanley & Co.*,
No. 18-CV-11528 (DLC), 2019 WL 2610985 (S.D.N.Y. June 26, 2019) ...................2, 13, 14

*Litman v. Cellco P'ship*,
655 F.3d 225 (3d Cir. 2011) ..................................................................7, 13

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Love v. U.S. Drug Enforcement Admin.*,
    No. 2:16-CV-1709, 2017 WL 8776964 (W.D. Pa. Nov. 29, 2017) ........................................ 16

*McDonald v. City of Chicago*,
    561 U.S. 742 (2010) ............................................................................................................ 16

*Miller v. Wells Fargo Bank, N.A.*,
    No. 13 Civ. 1541(VB), 2014 WL 349723 (S.D.N.Y. Jan. 30, 2014) ......................................... 5

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983) ................................................................................................................... 3

*Murphy v. PricewaterhouseCoopers, LLP*,
    580 F. Supp. 2d 4 (D.D.C. 2008) ......................................................................................... 6

*Newton v. LVMH Moët Hennessy Louis Vuitton Inc.*,
    No. 154178/2019, 2020 WL 3961988 (N.Y. Sup Ct. July 10, 2020) ............................... 14, 15

*Porzio v. PwC LLC*,
    No. 159531/2018 (N.Y. Sup. Ct. June 25, 2019) ................................................................. 13

*In re Prudential Ins. Co. of Am. Sales Practice Litig. All Agent Actions*,
    133 F.3d 225 (3d Cir. 1998) ................................................................................................. 5

*Ragone v. Atlantic Video at the Manhattan Center*,
    595 F.3d 115 (2d Cir. 2010) ................................................................................................. 9

*Schuler v. PricewaterhouseCoopers, LLP*,
    595 F.3d 370 (D.C. Cir. 2010) ............................................................................................. 6

*Skretvedt v. E.I. DuPont De Nemours*,
    372 F.3d 193 (3d Cir. 2004) ............................................................................................... 17

*Smith v. Western Sky Financial, LLC*,
    168 F. Supp. 3d 778 (E.D. Pa. 2016) ................................................................................... 9

*Snowden v. CheckPoint Check Cashing*,
    290 F.3d 631 (4th Cir. 2002) ............................................................................................. 16

*Sydnor v. Conseco Fin. Servicing Corp.*,
    252 F.3d 302 (4th Cir. 2001) ............................................................................................. 16

*Taggart v. Wells Fargo Bank, N.A.*,
    723 F. App'x 127 (3d Cir. 2018) .......................................................................................... 5

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Tracinda Corp. v. DaimlerChrysler AG,*
    502 F.3d 212 (3d Cir. 2007)...................................................................2, 15, 16

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338 (2011).............................................................................................7

*White v. WeWork Cos.,*
    No. 20-CV-1800 (CM), 2020 WL 3099969 (S.D.N.Y. June 11, 2020) ..................................13

**Statutes**

9 U.S.C. § 2.............................................................................................................13, 14

**Regulations**

48 C.F.R. § 222.7402(a)(1)(i) ......................................................................................10

48 C.F.R. § 252.222-7006............................................................................................10

**Rules**

N.Y. C.P.L.R. § 7515(b) .............................................................................................14

**Other Authorities**

DICTIONARY OF MODERN LEGAL USAGE (Bryan A. Garner ed., 2d ed. 1995) ............................11

## INTRODUCTION

This lawsuit should be stayed or dismissed, and Plaintiff should be compelled to bring her claims in arbitration, because Plaintiff entered into a mandatory arbitration agreement with PwC in which she and PwC agreed to arbitrate covered disputes relating to her employment on an individual basis.  *See* Decl. of Carrie Levine ("Levine Decl."), Ex. A ("Arbitration Agreement") ¶¶ 1.b–c, Dkt. 16-1.

In opposing PwC's Motion to Compel Arbitration, Plaintiff does not dispute that she assented to the Arbitration Agreement.  Instead, Plaintiff argues that her claims under federal, state, and local anti-discrimination statutes are not covered by the Arbitration Agreement because the broad declaratory and injunctive *relief* that she seeks is unavailable under the Agreement, which precludes "relief extending beyond the individual claimant."  *See* Opp. at 5, Dkt. 26 (quoting Arbitration Agreement ¶ 3.f) (bold omitted).  However, Plaintiff's *claims*—based on her alleged lack of promotion and the eventual termination of her employment—indisputably fall within the Arbitration Agreement's scope.  And courts routinely enforce agreements to arbitrate claims on an individual basis, even where the statutes invoked may allow for the possibility of broader relief. *See, e.g.*, *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31–32 (1991) (rejecting argument that claims under the Age Discrimination in Employment Act ("ADEA") could not be subject to mandatory arbitration because arbitration procedures "do not provide for broad equitable relief and class actions" available in court).  In any event, the Arbitration Agreement does not prohibit an arbitrator from awarding declaratory or injunctive relief.  Rather, the arbitrator is expressly empowered to "award all remedies available to the Firm, and to [Plaintiff], *individually*, under applicable law."  *See* Arbitration Agreement ¶ 3.f (emphasis added).  Plaintiff cannot avoid mandatory arbitration of her covered claims merely by seeking expansive relief beyond whatever individual relief to which she might be entitled.

Plaintiff's three other arguments to avoid enforcement of the Arbitration Agreement are equally unavailing. *First*, Plaintiff contends that her Title VII claim need not be arbitrated because PwC has not shown that its *subsidiaries and affiliates* were not prohibited by federal law from requiring employees to arbitrate Title VII claims. Opp. at 7–8. Not so. Because PwC has established that *Plaintiff's employer*, PricewaterhouseCoopers LLP, was not prohibited by federal law from mandating arbitration of Title VII claims at the time Plaintiff filed suit—which Plaintiff does not contest—Plaintiff must arbitrate her Title VII claim. And, in any event, PwC's subsidiaries and affiliates were also not prohibited from mandating arbitration of Title VII claims.

*Second*, Plaintiff claims that Section 7515 of New York's Civil Practice Law & Rules prohibits the mandatory arbitration of her employment-related claims. Opp. at 8–9. However, "[w]hen state law prohibits outright the arbitration of a particular type of claim," "[t]he conflicting rule is displaced by the [Federal Arbitration Act ('FAA')]." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011). Section 7515 therefore is preempted by the FAA and does not bar arbitration of Plaintiff's claims. *See, e.g.*, *Latif v. Morgan Stanley & Co.*, No. 18-CV-11528 (DLC), 2019 WL 2610985, at *4 (S.D.N.Y. June 26, 2019).

*Third*, Plaintiff argues that the FAA itself is unconstitutional because it violates her Seventh Amendment right to a jury trial. Opp. at 9–11. But the Supreme Court has long recognized that a private litigant may waive both the right to an Article III forum and a jury trial in a civil case, and courts regularly enforce agreements to arbitrate even though the "loss of the right to a jury trial is a necessary and fairly obvious consequence." *See Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007) (quotation omitted).

For all these reasons, and those set forth in PwC's Motion to Compel Arbitration, PwC respectfully requests that the Court compel arbitration of Plaintiff's claims.[1]

## ARGUMENT

### I.    Plaintiff Cannot Overcome The Strong Presumption In Favor Of Arbitrability.

The FAA embodies a strong presumption in favor of arbitration.  The FAA's preference for arbitration means "that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'"  *Brayman Constr. Corp. v. Home Ins. Co.*, 319 F.3d 622, 625 (3d Cir. 2003) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)). As a result, "the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985); *see also AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986).  None of Plaintiff's arguments is sufficient to overcome the FAA's presumption in favor of arbitration.

### II.    Plaintiff Is Bound By The Arbitration Agreement.

Plaintiff entered into a valid and enforceable contract with PwC, in which she and PwC agreed to arbitrate covered disputes "relating to or arising out of . . . [her] employment with [PwC]" and her "separation from such employment."  *See* Arbitration Agreement ¶ 1.c.

In her Opposition, Plaintiff does not dispute that she assented to the Arbitration Agreement by continuing to work for PwC after the Agreement's effective date.  *See* Arbitration Agreement

---

[1]  On February 19, 2021, the Court granted Plaintiff's Motion for Leave to File an Amended Complaint.  Order, Dkt. 27.  In her First Amended Complaint ("FAC"), Plaintiff added claims pursuant to the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107(1)(a) *et seq.  See* FAC ¶¶ 66–87, Dkt. 29.  As agreed by the Parties and ordered by the Court, Defendants' Motion to Compel Arbitration, and Plaintiff's Opposition thereto, apply to the FAC.  Jt. Stip. Regarding Mot. to Compel Arbitration, Dkt. 30 at 1–2; Order, Dkt. 31.

¶ 1.a ("**By continuing your employment with the Firm on or after the Effective Date, you will be deemed to have accepted this Agreement, and you and the Firm will be bound by its terms.**"); *see also* Opp. 3–4 (not challenging assent).  Nor does she dispute that she reaffirmed her acceptance of the Arbitration Agreement one month later, when she was promoted to the position of Managing Director and entered into an Employment Agreement that incorporated the Arbitration Agreement.  *See* Levine Decl., Ex. C ("Employment Agreement") ¶ 18, Dkt. 16-1 ("You acknowledge that this Employment Agreement supersedes all prior oral or written agreements or understandings with the Firm, except for any existing agreements with the Firm regarding . . . dispute resolution through arbitration, which shall remain in full force and effect in accordance with their terms.").

Plaintiff is therefore bound by the Arbitration Agreement, and it must be enforced in accordance with its terms.[2]

### III.    Plaintiff's Claims Fall Within The Scope Of Her Arbitration Agreement.

Plaintiff agreed to arbitrate "all disputes, controversies and claims relating to or arising out of . . . [her] employment with [PwC]" and her "separation from such employment," besides those "expressly" excluded.  *See* Arbitration Agreement ¶ 1.c.  She specifically agreed to arbitrate "claims under . . . the Age Discrimination in Employment Act, . . . state and local laws concerning

---

[2]  Where, as here, documents relied upon in the Complaint—Plaintiff's Employment Agreement and the Arbitration Agreement incorporated therein—make clear that Plaintiff's claims "'are subject to an enforceable arbitration clause,'" the Rule 12(b)(6) standard applies. *See Davis v. Cintas Corp.*, No. 2:18-cv-01200, 2019 WL 2223486, at *2 (W.D. Pa. May 23, 2019) (quoting *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013)).  Plaintiff contends that the Rule 56 standard applies instead, Opp. at 4, but identifies "no facts in dispute regarding the formation of the Agreement, its terms, [] the bargained-for exchange leading to its formation," or its "authenticity," *Davis*, 2019 WL 2223486, at *4.  Nor does she contend that discovery is warranted.  "[B]ecause there are no disputes as to the facts material to the question now before the Court, even if the [Rule 56 standard] applied," the Court would "end up in the same place." *See id.* (applying Rule 12(b)(6) standard and compelling arbitration).

discrimination and retaliation, and any other federal, state and local laws regarding employment." *See id.* Plaintiff's allegations here—i.e., that PwC allegedly discriminated against her because of her age and gender in violation of federal, state, and local anti-discrimination laws when PwC terminated her employment and did not give her a raise or promote her to partner, *see* FAC ¶¶ 45– 49—plainly fall within the Arbitration Agreement's scope. Moreover, "doubts in interpreting the precise scope of the arbitration agreement are to be resolved in favor of arbitration." *In re Prudential Ins. Co. of Am. Sales Practice Litig. All Agent Actions*, 133 F.3d 225, 231 (3d Cir. 1998).

Plaintiff nevertheless contends that her claims are excluded from the Arbitration Agreement because some, but not all, of the *relief* that she seeks is purportedly unavailable under the Agreement. Opp. at 5. This is so, Plaintiff argues, because the Arbitration Agreement prohibits the Arbitrator from "'grant[ing] . . . relief extending beyond the individual claimant,'" and the declaratory and injunctive relief that she requests—a declaration that PwC's purported mandatory retirement policy for partners is unlawful and an injunction against its use—would necessarily "extend[] beyond herself." *See id.* (quoting Arbitration Agreement ¶ 3.f).

However, a request for declaratory or injunctive *relief* is not a *claim*. *Taggart v. Wells Fargo Bank, N.A.*, 723 F. App'x 127, 129 (3d Cir. 2018) ("[D]eclaratory relief is not a claim."); *Funa v. Pepperidge Farm, Inc.*, No. 07-1743, 2011 WL 891242, at *4 (W.D. Pa. Mar. 11, 2011) ("Because a request for injunctive relief is just that—a request for relief—it is not a *claim* upon which relief can be granted."); *see also Miller v. Wells Fargo Bank, N.A.*, No. 13 Civ. 1541(VB), 2014 WL 349723, at *11 (S.D.N.Y. Jan. 30, 2014) (granting motion to dismiss "plaintiff's 'cause of action' for declaratory and injunctive relief" because these "are remedies, not causes of action" (quotation omitted)). Whether an arbitrator can grant Plaintiff a particular form of relief

says nothing about whether the underlying claims—upon which such relief could be granted—fall within the scope of the Arbitration Agreement.  Plaintiff does not dispute that her discrimination claims are covered by the express terms of the Arbitration Agreement (with the exception of her Title VII claim, which is also covered, *see infra* Part V).  *See* Opp. at 5–8.  Therefore, all of Plaintiff's claims must be arbitrated.

Plaintiff may not draft around an otherwise-applicable arbitration agreement by seeking broad injunctive and declaratory relief.  In determining the scope of the agreement, courts "focus on 'the factual underpinnings of the claim rather than the legal theory alleged in the complaint' to prevent 'a creative and artful pleader from drafting around an otherwise-applicable arbitration clause.'"  *Brown v. FirstSource Advantage, LLC*, No. 17-5760, 2019 WL 568935, at *5 (citation omitted); *Cott v. Waldron, LP*, No. 15-cv-1259, 2016 WL 3166269, at *3 (W.D. Pa. May 2, 2016) (same).  Here, the "factual underpinnings" of Plaintiff's claim—her alleged lack of promotion and eventual termination—fall squarely within the scope of the Arbitration Agreement; Plaintiff cannot rely on the relief sought to escape that Agreement.  To find otherwise would mean that all future plaintiffs could evade their obligation to arbitrate on an individual basis merely by requesting broad injunctive or declaratory relief beyond their individual case.[3]

---

[3] In any event, Plaintiff lacks standing to obtain the broad declaratory and injunctive relief that she seeks.  PwC is a partnership governed by a partnership agreement.  *See Schuler v. PricewaterhouseCoopers, LLP*, 595 F.3d 370, 372 (D.C. Cir. 2010) (explaining that "PwC is a partnership . . . that provides accounting, auditing, and other services to clients worldwide" and has a "partnership agreement").  Plaintiff alleges that this agreement "mandates retirement for all Partners at age sixty," and asks the Court to declare this purported policy unlawful and to enjoin PwC from using it further.  *See* FAC ¶ 38; Prayer for Relief ¶¶ g, i.  Because Plaintiff is a former employee and has never been a partner, Plaintiff was not a party to that agreement, and was not bound by any of its provisions.  *Cf. Murphy v. PricewaterhouseCoopers, LLP*, 580 F. Supp. 2d 4, 16 (D.D.C. 2008), *aff'd in relevant part*, 595 F.3d 370 (D.C. Cir. 2010) (explaining that PwC's partnership agreement "neither addresses nor binds the plaintiffs in any way" because "[i]t is binding only on the partners and principals of the firm" (quotation omitted)).  Plaintiff does not have standing to challenge the terms of the partnership agreement

**IV.     The Arbitration Agreement Is Enforceable.**

Plaintiff next contends that if the Court concludes her claims fall within the scope of the Arbitration Agreement, then the Arbitration Agreement is unenforceable as a "substantive waiver" of her rights because she cannot obtain the broad declaratory and injunctive relief that she seeks. *See* Opp. at 6–7.  Not so.

The Arbitration Agreement provides:  "The Arbitrator shall have the authority to resolve all Covered Claims with finality . . . **except that the Arbitrator shall not have the authority to hear a Covered Claim on a class, collective, consolidated or representative basis, nor shall the Arbitrator have the authority to grant class-wide relief, relief on a consolidated basis, or other relief extending beyond the individual claimant.**"  Arbitration Agreement ¶ 3.f.

This is nothing more than a standard class action waiver, and courts routinely enforce agreements to arbitrate claims on an individual basis.  It is black-letter, Supreme Court law that federal courts must "enforce arbitration agreements according to their terms—including terms providing for individualized proceedings." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (2018). Accordingly, courts have concluded that class-action waivers, like the one at issue here, are valid and enforceable as written. *See, e.g.*, *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 231, 233 (2013) (finding enforceable a provision that stated "[t]here shall be no right or authority for any Claims to be arbitrated on a class action basis" (quotation omitted)); *Litman v. Cellco P'ship*, 655 F.3d 225, 231 (3d Cir. 2011) (concluding that "the arbitration clause . . . must be enforced

---

because she does not allege that she was forced to retire pursuant to this agreement.  *See Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286, 291 (3d Cir. 2005) (explaining that constitutional standing requires a "causal connection between the injury and the conduct complained of"); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364 (2011) (explaining that former employees generally "lack standing to seek injunctive or declaratory relief against [their former employer's] employment practices").  Plaintiff therefore cannot obtain the declaratory and injunctive relief she seeks, regardless of the forum in which she pursues her claims.

according to its terms, which requires individual arbitration"); *Brown*, 2019 WL 568935, at *6 (compelling "arbitration to proceed on an individual basis" where provision explained: "[Y]ou and we will not have the right to participate in a representative capacity or as a member of any class pertaining to any claim subject to arbitration. . . . Other rights you or we would have in court may also not be available in arbitration.") (emphasis omitted).

Plaintiff contends that the Arbitration Agreement's bar on "relief extending beyond the individual claimant" is unenforceable because it deprives her of her "statutory right to pursue" broad declaratory and injunctive relief as to PwC's purported partner retirement policy. Opp. at 7. But as the Third Circuit has explained, "simply because judicial remedies are a part of a law does not mean that Congress meant to preclude parties from bargaining around their availability." *Johnson v. W. Suburban Bank*, 225 F.3d 366, 377 (3d Cir. 2000). Indeed, the case law that Plaintiff cites forecloses her argument. In *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991), the plaintiff argued that ADEA claims could not be subjected to mandatory arbitration because, among other reasons, "arbitration procedures . . . do not provide for broad equitable relief and class actions" that are available in court. *Id.* at 32. However, as the Fourth Circuit explained below, the fact "[t]hat arbitrators may lack the full breadth of equitable discretion possessed by courts to go beyond the relief accorded individual victims does not deny the utility of this alternative means of resolving disputes." *Gilmer v. Interstate/Johnson Lane Corp.*, 895 F.2d 195, 199 (4th Cir. 1990), *aff'd*, 500 U.S. 20 (1991); *see also Gilmer*, 500 U.S. at 32 (citing 895 F.2d at 199–200 with approval). "So long as arbitrators possess the equitable power to redress individual claims of discrimination, there is no reason to reject their role in the resolution of ADEA disputes." *Gilmer*,

895 F.2d at 199.[4]  The Supreme Court affirmed, explaining that "even if the arbitration could not go forward as a class action or class relief could not be granted by the arbitrator, the fact that the ADEA provides for the possibility of bringing a collective action does not mean that individual attempts at conciliation were intended to be barred."  *Gilmer*, 500 U.S. at 31–32 (quotation and alteration omitted).

The Supreme Court "had no qualms in enforcing a class waiver in an arbitration agreement even though" the ADEA "expressly permitted collective actions."  *See Am. Exp. Co.*, 570 U.S. at 237 (describing *Gilmer*, 500 U.S. at 32).  So too here.  Even if the statutes that Plaintiff invokes may allow for "the possibility" of broader declaratory and injunctive relief beyond the individual claimant, the parties were not "barred" from agreeing to "individual attempts at conciliation" through arbitration.[5]

In any event, Plaintiff will be able to pursue all relief necessary to make her whole under applicable law—including equitable relief, to the extent it does not extend beyond her individual

---

[4]  Indeed, when arbitration is conducted on an individual basis, it would be unfair to allow an individual claimant to obtain equitable relief that would affect the rights of other individuals who are not and cannot be party to that arbitration.

[5]  The other cases that Plaintiff cites are inapposite and not to the contrary.  *See* Opp. at 6.  In *Gilbert v. Indeed, Inc.*, No. 20-CV-3826, 2021 WL 169111 (S.D.N.Y. Jan. 19, 2021), and *Ragone v. Atlantic Video at the Manhattan Center*, 595 F.3d 115 (2d Cir. 2010), the courts considered fee-shifting provisions in arbitration agreements that would have deprived plaintiffs of attorneys' fees they otherwise would have been entitled to if they prevailed, and that may have prevented plaintiffs from pursuing their statutory remedies altogether.  Nevertheless, the courts found that the agreements were enforceable because the defendants waived enforcement of the unconscionable provisions.  *See Gilbert*, 2021 WL 169111, at *19; *see also Ragone*, 595 F.3d at 125.  In *Hayes v. Delbert Services Corp.*, 811 F.3d 666 (4th Cir. 2016), and *Smith v. Western Sky Financial, LLC*, 168 F. Supp. 3d 778 (E.D. Pa. 2016), the courts held that arbitration agreements were unenforceable because they "unambiguously" forbid an arbitrator from applying federal law—at all.  *See Hayes*, 811 F.3d at 668, 670; *Smith*, 168 F. Supp. 3d at 784.  Here, the Arbitration Agreement does not forbid the arbitrator from applying federal law, and Plaintiff does not argue otherwise.

case—in arbitration.  The Arbitration Agreement expressly empowers the arbitrator "to award *all remedies* available to the Firm, and to [Plaintiff], *individually*, under applicable law."  Arbitration Agreement ¶ 3.f (emphases added).  This is not a case in which the arbitrator "would be unable to afford [Plaintiff] any relief that [she] could individually obtain in a court proceeding, including injunctive relief."  *See Johnson*, 225 F.3d at 374.  Rather, Plaintiff "retain[s] the full range of rights created by" the statutes she invokes.  *See id.*  The Arbitration Agreement simply requires Plaintiff to pursue all relief—equitable or otherwise—on an individual basis.  Because Plaintiff "effectively may vindicate [her] statutory cause[s] of action in the arbitral forum, the statute[s] will continue to serve both [their] remedial and deterrent function."  *Id.* (citation omitted).  The Court therefore should enforce the Arbitration Agreement as written and compel Plaintiff's claims to arbitration on an individual basis.

## V.     Plaintiff's Title VII Claim Must Be Arbitrated.

Plaintiff is required to arbitrate her Title VII claim.  The Arbitration Agreement excludes Title VII claims from coverage only "unless and until federal law no longer prohibits the Firm from mandating arbitration of such claims."  Arbitration Agreement ¶ 1.d.viii ("Title VII Exclusion").  At the time that Plaintiff filed suit, PwC was not party to any contract that would have rendered it subject to the Franken Amendment, which prohibits certain federal contractors from requiring employees to arbitrate Title VII claims.  *See* Br. 13–14, Dkt. 16 (citing 48 C.F.R. §§ 222.7402(a)(1)(i), 252.222-7006); Decl. of Don McCrory ("McCrory Decl.") ¶ 3, Dkt. 16-4.  Because federal law did not prohibit PwC from mandating arbitration of Title VII claims when Plaintiff filed her Complaint, Plaintiff's Title VII claim is subject to mandatory arbitration under the plain terms of the Arbitration Agreement.

In response, Plaintiff argues that PwC did not establish that the Title VII Exclusion no longer applies because the declaration PwC submitted in support of its motion provides only that

*PricewaterhouseCoopers LLP* has not been party to any covered contract from April 9, 2018 to the present, and does not state whether any of PwC's *subsidiaries or affiliates* have entered such a contract.  Opp. at 7–8 (quoting McCrory Decl. ¶¶ 2–3).  Because the Arbitration Agreement defines the "Firm" as "PricewaterhouseCoopers LLP, and/or any of its subsidiaries or affiliates based in the United States," Arbitration Agreement at 1, Plaintiff contends that PwC is required to establish that neither PwC nor any of its subsidiaries or affiliates were prohibited from mandating the arbitration of Title VII claims by federal law in order to prevail, Opp. at 8.

However, the U.S. Court of Appeals for the Fourth Circuit rejected this precise argument with respect to the same agreement in *Ashford v. PricewaterhouseCoopers LLP*, 954 F.3d 678 (4th Cir. 2020).  There, the Court considered "whether PwC was permitted to show that only PwC was no longer prohibited from mandating arbitration of Title VII claims or whether PwC was required to show that PwC and all its affiliates and subsidiaries were no longer prohibited."  *Id.* at 684.  The Court found that "[t]he inclusion of 'or' in the definition of the 'Firm' is critical."  *Id.*  "By using 'or,' the parties agreed Title VII claims were subject to arbitration if PwC or any of its subsidiaries or affiliates were no longer prohibited from mandating arbitration of Title VII claims."  *Id.*[6] Because "Ashford sued PwC, her employer," the Court "need[ed] only determine if [PwC] is prohibited by federal law from mandating arbitration of Title VII claims."  *Id.*  "Since . . . it no longer is, the Title VII exclusion does not apply."  *Id.*

---

[6]  This was not in error.  Contrary to Plaintiff's contention, in interpreting the term "Firm," the Court did not "focus[] solely on . . . 'or' and improperly ignor[e] . . . 'and.'"  Opp. at 8 n.5. Rather, the Court properly interpreted the expression "and/or" to mean PricewaterhouseCoopers LLP, *or* its subsidiaries or affiliates, *or* both.  *See and/or*, A DICTIONARY OF MODERN LEGAL USAGE 56 (Bryan A. Garner ed., 2d ed. 1995) ("*And/or* . . . does have a specific meaning (*x and/or y = x or y or both.*")).  By contrast, Plaintiff's interpretation would ignore the "and/or" and effectively rewrite the term to mean "PricewaterhouseCoopers LLP, *and* its subsidiaries or affiliates."

Similarly, here, Plaintiff has sued PricewaterhouseCoopers LLP and PricewaterhouseCoopers Advisory Services LLC ("PwC Advisory Services LLC"), which she contends are her former employers. *See* FAC ¶¶ 3–5. Plaintiff's employment agreement was with PricewaterhouseCoopers LLP. *See* Employment Agreement at 1. Because Plaintiff's employer, PricewaterhouseCoopers LLP, was not prohibited by federal law from mandating arbitration of Title VII claims, McCrory Decl. ¶ 3—which Plaintiff does not contest, Opp. 7–8—the Title VII Exclusion does not apply, *see Ashford*, 954 F.3d at 684.

In any event, as a factual matter, neither PricewaterhouseCoopers LLP nor PwC Advisory Services LLC has been party to any covered contract from April 9, 2018 to the present. Suppl. Decl. of D. McCrory ¶ 3, attached hereto as Ex. 1. Moreover, none of PricewaterhouseCoopers LLP's subsidiaries or affiliates based in the United States has been party to any covered contract from May 1, 2018 to the present. *Id.* ¶ 4. They therefore are no longer prohibited by federal law from mandating arbitration of Title VII claims, and were not prohibited from doing so when Plaintiff filed her Complaint. Accordingly, the Title VII Exclusion no longer applies. Plaintiff's Title VII claim must be compelled to arbitration.

## VI.    The FAA Preempts New York's Civil Practice Law & Rules Section 7515.

Next, Plaintiff argues that her claims should not be compelled to arbitration because Section 7515 of New York's Civil Practice Law & Rules ("Section 7515") prohibits mandatory arbitration clauses in employment contracts.

State laws prohibiting the arbitration of particular categories of claims are at odds with the broad scope of the FAA. As the Supreme Court has made clear, "[w]hen state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011) (holding that the FAA preempted a California state-law rule regarding the unconscionability of

class arbitration waivers in consumer contracts); *see also Litman*, 655 F.3d 225 (holding that the FAA preempted a similar New Jersey state-law rule).  More generally, "state law is preempted to the extent it 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives' of the FAA."  *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1415 (2019).

The FAA limits grounds for setting aside an agreement to arbitrate to those that "exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Section 2 of the FAA preserves generally applicable contract defenses available at common law, such as unconscionability or duress; it does not allow states to decide the arbitrability of individual issues by creating defenses "that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue."  *Concepcion*, 563 U.S. at 339.  That is precisely what Section 7515 does, which is why it offers Plaintiff no ground to revoke the Arbitration Agreement.  Simply put, because Section 7515 "prohibits outright the arbitration of a particular type of claim," namely employment claims, it necessarily is "displaced by the FAA."  *Id.* at 341.

Accordingly, several courts have concluded that Section 7515 is displaced by the FAA, including in an action enforcing PwC's arbitration agreement.  *See, e.g.*, *Porzio v. PwC LLC*, No. 159531/2018 (N.Y. Sup. Ct. June 25, 2019) (granting motion to compel arbitration where PwC argued that Section 7515 was preempted by the FAA); *see also White v. WeWork Cos.*, No. 20-CV-1800 (CM), 2020 WL 3099969, at *5 (S.D.N.Y. June 11, 2020) (concluding that Section "7515 is displaced by the FAA"); *Latif v. Morgan Stanley & Co.*, No. 18-CV-11528 (DLC), 2019 WL 2610985, at *3 (S.D.N.Y. June 26, 2019) ("The FAA sets forth a strong presumption that arbitration agreements are enforceable and this presumption is not displaced by § 7515."); *Crawford v. Goldman Sachs Grp., Inc.*, No. 159731/2020 (N.Y. Sup. Ct. Feb. 23, 2021) (granting motion to compel arbitration as "not barred by [Section] 7515 [because] this dispute is governed

by the FAA"); *Fuller v. Uber Techs. Inc.*, No. 1501289/2020 (N.Y. Sup. Ct. Sept. 25, 2020) (concluding that the FAA "preempts any inconsistent state law," including Section 7515). Indeed, the statute itself recognizes that it must yield to the FAA, prohibiting mandatory arbitration clauses and rendering prohibited clauses null and void "[e]xcept where inconsistent with federal law." *See* N.Y. C.P.L.R. §§ 7515(b)(i), (iii); *see also Latif*, 2019 WL 2610985, at \*3 (finding that "application of Section 7515 to invalidate the parties' agreement to arbitrate [the plaintiff's] claims would be inconsistent with the FAA").

Plaintiff asks this Court to ignore the weight of authority and adopt instead the reasoning of a lone New York trial court in *Newton v. LVMH Moët Hennessy Louis Vuitton Inc.*, No. 154178/2019, 2020 WL 3961988 (N.Y. Sup Ct. July 10, 2020). There, the court held the FAA did "not apply to the types of claims asserted in [that] action"—allegations of sexual harassment in the workplace and related retaliation—because those claims "are undeniably not 'transaction[s] involving commerce' and . . . have no interstate qualities." *Id.* at \*4. However, this reasoning "is not persuasive." *See Gilbert*, 2021 WL 169111, at \*15 (rejecting *Newton* and granting motion to compel arbitration). First, the "[u]nder the plain language of Section 2 of the FAA, the relevant question is not whether *the claim* arises from a transaction involving commerce, but rather whether *the contract* containing the arbitration clause 'evidenc[es] a transaction involving commerce.'" *Id.* (quoting 9 U.S.C. § 2). If it were otherwise, as Plaintiff suggests, then the FAA generally would not extend to discrimination-based claims, including in the employment context, because those claims—in the *Newton* court's view—do not "aris[e] out of" "a transaction involving commerce." *See* 9 U.S.C. § 2. This is at odds with the Supreme Court's holding that "[e]mployment contracts, except for those covering workers engaged in transportation, are covered by the FAA." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (citation omitted).

14

In addition, unlike *Newton*, Plaintiff's Complaint does involve interstate commerce—a fact unchallenged by Plaintiff.  *See Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (the FAA "provides for the enforcement of arbitration agreements within the full reach of the Commerce Clause" (quotation omitted)).  In *Newton*, the Court held that FAA did not apply because the "acts of sexual harassment and related retaliation alleged in the complaint occurred intrastate—in defendant's New York City offices" and thus could not "possibly be cast as 'interstate'" 2020 WL 3961988, at *7.  Here, Plaintiff herself alleges that she worked for PwC in both New York and Pennsylvania, "among other places."  *See* FAC ¶ 7 ("Plaintiff worked in Pittsburgh, Pennsylvania, among other places" and "worked in Defendants' office in New York, New York.").  For that reason, as well, the Court should reject Plaintiff's Section 7515 argument.

## VII.   The FAA Is Constitutional.

Plaintiff's final argument—that the FAA is unconstitutional because it "violates [her] Seventh Amendment right to a jury trial"—is meritless.  *See* Opp. at 9–11.

The Supreme Court has long recognized that a private litigant may waive both the right to an Article III forum and the right to a jury trial in a civil case.  *Commodity Futures Trade Comm'n v. Schor*, 478 U.S. 833, 848–49 (1986); *see also Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007); *Gilmer*, 895 F.2d at 199 ("ADEA litigants plainly are permitted to waive trial by jury.").  Although "[t]he right to a jury trial in a civil case is . . . fundamental," and there is a "presumption against waiver," a contractual waiver is valid if it is "made knowingly and voluntarily."  *Tracinda*, 502 F.3d at 222 (quotation omitted).

Moreover, "there is no constitutional right to a jury trial outside of an Article III forum." *Koveleskie v. SBC Cap. Mkts., Inc.*, 167 F.3d 361, 368 (7th Cir. 1999).  Rather, "the right to a jury trial attaches in the context of judicial proceedings only after it is determined that litigation should proceed before a court."  *Choice v. Option One Mortg. Corp.*, No. CIV.A. 02-6626, 2003 WL

22097455, at *8 n.14 (E.D. Pa. May 13, 2003) (citing *Sydnor v. Conseco Fin. Servicing Corp.*, 252 F.3d 302, 307 (4th Cir. 2001)).   Accordingly, the "loss of the right to a jury trial is a necessary and fairly obvious consequence of an agreement to arbitrate."   *Tracinda Corp.*, 502 F.3d at 223 (quoting *Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 638 (4th Cir. 2002)).

Here, Plaintiff does not dispute that she knowingly and voluntarily waived her right to an Article III forum and a jury trial by agreeing to arbitrate.   Nor could she.   The Arbitration Agreement states on its face, in bold font:   "**The parties mutually waive their right to a trial before a judge or jury in federal, state or local court in favor of arbitration under this Agreement**."   *See* Arbitration Agreement § 1.b.

Plaintiff's vague argument that the FAA on the whole is unconstitutional because it "infringe[s] upon" the Seventh Amendment jury trial right must be rejected.   *See* Opp. at 9–11.   In support, Plaintiff relies only upon *McDonald v. City of Chicago*, 561 U.S. 742 (2010), where the Supreme Court held that the Second Amendment right was incorporated against the States through the Fourteenth Amendment's Due Process Clause because it is a "fundamental right."   *Id.* at 750, 791.   However, the issue of incorporation is not in dispute here.   And although the right to a jury trial is "fundamental," bedrock Supreme Court precedent establishes that this right is waivable, *see Schor*, 478 U.S. at 848–49, and that agreements to arbitrate are enforceable, *see, e.g.*, *Epic Sys. Corp.*, 138 S. Ct. at 1619; *Am. Exp. Co.*, 570 U.S. 237–38; *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 104 (2012); *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000); *Dean Witter Reynolds, Inc.*, 470 U.S. at 223.   Plaintiff's argument to the contrary fails.[7]

---

[7]   Plaintiff fails to offer any argument as to how the FAA violates her Fourteenth Amendment right to due process, only declaring that it does.   *See* Opp. at 9.   That is not enough.   *See Love v. U.S. Drug Enforcement Admin.*, No. 2:16-CV-1709, 2017 WL 8776964, at *2 (W.D. Pa. Nov. 29, 2017) (Cercone, J.) ("[A]n issue is waived unless a party raises it in [its] opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue

## CONCLUSION

For the reasons above, and those set forth in PwC's Motion, PwC respectfully requests that the Court issue an order compelling arbitration of Plaintiff's claims and staying this case.  In the alternative, PwC asks the Court to dismiss Plaintiff's Complaint.

Dated:  March 4, 2021

Respectfully submitted,

/s/ *Jason C. Schwartz*
Jason C. Schwartz
Naima L. Farrell (*admitted pro hac vice*)
Anna Casey (*admitted pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539
jschwartz@gibsondunn.com
nfarrell@gibsondunn.com
acasey@gibsondunn.com

*Counsel for Defendants*

---

before this court." (quoting *Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 202–03 (3d Cir. 2004))).  In any event, courts have rejected due process challenges to arbitration.  *See, e.g.*, *Choice*, 2003 WL 22097455, at *8 ("An arbitration agreement does not deprive an individual or his or her due process rights; it merely provides an alternative forum for the adjudication of such rights.").  Moreover, it is not readily apparent why the Fourteenth Amendment—which applies to *states*—is relevant in a federal court proceeding involving the FAA.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 4, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ *Jason C. Schwartz*
Jason C. Schwartz